IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>CHARLES OLAWOLE,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Civil Action No. PX 16-3506</td></tr>
<tr><td>ACTIONET, INC.,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

******

**MEMORANDUM OPINION**

Pending in this breach of contract and employment discrimination case is Defendant ActioNet, Inc.'s motion to transfer venue to the United States District Court for the District of Virginia pursuant to 28 U.S.C. § 1404(a). ECF No. 11. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendant's motion is GRANTED.

## I.    BACKGROUND[1]

Defendant ActioNet, Inc. ("ActioNet") provides IT security and software development to customers nationally and internationally. ECF No. 35 at 2.  Plaintiff Graffiti Consulting Inc. is a Maryland corporation serving as an independent contractor for ActioNet. ECF No. 11-2 at 2. Plaintiff Charles Olawole ("Olawole") is a former employee of Graffiti and ActioNet. ECF No. 35 at 2.

On January 6, 2014, Plaintiff began working for ActioNet as a Senior Network Engineer assigned to its contract with the National Weather Service in Silver Spring, Maryland. ECF No. 35 at 2. On May 2, 2014, ActioNet and Graffiti, through Olawole, executed an agreement (the "Consultant Agreement") where Graffiti would provide networking engineering and software

---

[1] The following facts are construed in the light most favorable to Plaintiffs, the non-moving parties.

services to ActioNet. Consultant Agreement, ECF No. 11-2 at 12; *see also* ECF No. 35 at 3. In this arrangement, Plaintiff worked as a joint employee for ActioNet and Graffiti. On May 9, 2014, Plaintiff's employment was terminated. ECF No. 35 at 2.

On June 27, 2016, Olawole filed a four-count complaint in the Circuit Court for Montgomery County, Maryland. ECF No. 2. After removing the case to the United States District Court for the District of Maryland, ActioNet filed a motion to dismiss, ECF No. 10, and motion to transfer venue, ECF No. 11. With the Court's leave, Olawole filed an Amended Complaint on March 24, 2017 adding Graffiti as a Plaintiff. ECF No. 35. Plaintiffs Graffiti and Olawole bring claims of race and national origin discrimination under 42 U.S.C. §1981 and the Montgomery County Code §27-19(a)(1). Plaintiff Graffiti also brings a breach of contract claim. Because Olawole was permitted to amend the complaint, Defendant's original Motion to Dismiss was denied as moot on March 24, 2017. ECF No. 34.

ActioNet now seeks to transfer the case to the United States District Court for the Eastern District of Virginia because the Consultant Agreement between Graffiti and ActioNet contains a mandatory choice of forum clause. ActioNet contends the provision also applies to Olawole's claims.

## II.    ANALYSIS

ActioNet relies on the forum selection clause in the Consultant Agreement as the basis for transfer. ECF No. 11-1 at 3–8. In pertinent part, the clause provides:

> [This Section] shall apply to and govern all claims, disputes, controversies and other matters in question between the parties relating to this Agreement, except those concerning any breach or threatened breach of obligations arising under paragraph 13 [regarding proprietary information] of this agreement. . . . Any action or suit arising under or related to this Agreement shall be brought exclusively in the state or federal courts sitting in the Commonwealth of Virginia . . . .

Consultant Agreement, ECF No. 11-2 at 7.

Plaintiffs concede that Graffiti is bound by the forum selection clause in the Consultant Agreement. *See* Pl.'s Br. in Opp'n., ECF No. 29 at 2 n.1. As to Plaintiff Olawole, he contends the clause does not reach claims brought in his individual capacity. The Court disagrees.

"[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 574 (2013). Assessing the enforceability and applicability of a forum selection clause to Olawale requires a three-step analysis.

> First, this Court must determine whether the clause is mandatory. If so, the clause is presumptively enforceable. Second, this Court must identify whether the specific claims in this case fall within the scope of the clause. If they do fall within the clause's scope, the clause presumptively bars their adjudication outside of the designated forum. Third, this Court must determine whether the party opposing enforcement has rebutted the presumption of enforceability by proving that enforcement would be unreasonable.

*J. v. Genuine Title, LLC*, No. RDB-14-0081, 2015 WL 8315704, at *13 (D. Md. Dec. 9, 2015), *certified question answered sub nom. Fangman v. Genuine Title, LLC*, 447 Md. 681 (2016) (citations omitted).

Here, the forum selection clause is mandatory, and Plaintiffs concede as much. *See generally* ECF No. 29 at 2 n.1 (conceding Plaintiff Graffiti "is bound by the forum selection clause in the ActioNet/ Graffiti's [sic] contract."). The clause plainly provides that "[a]ny action or suit arising under or related to this Agreement *shall* be brought exclusively in the state or federal courts sitting in the Commonwealth of Virginia . . . ." Consultant Agreement, ECF No. 11-2 at 7 (emphasis added). The clause contains "clear language showing that jurisdiction is

3

appropriate only in the designated forum." *Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629, 633 n.2 (D. Md. 2006). Thus, the first prong is satisfied.

Second, Graffiti does not contest that the forum selection clause covers its claims. Olawole disputes, however, whether the forum selection clause reaches his individual claims. To determine the scope of the clause, the Court "looks 'to the language of the parties' contracts to determine which causes of action are governed by the forum-selection clauses.'" *NC Contracting, Inc. v. Munlake Contractors, Inc.*, No. 5:11-CV-766-FL, 2012 WL 5303295, at *6 (E.D.N.C. Oct. 25, 2012) (quoting *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998)). Whether a forum selection clause reaches individuals who are not parties to the contract, "such individuals are covered by choice of forum clauses so long as their alleged conduct is 'closely related' to the contract in question." *Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629, 633 (D. Md. 2006) (citing *Manetti–Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (forum-selection clause applies to non-parties claims because "the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants"); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202–03 (3d Cir. 1983) ("Reliance on [Plaintiff's] third-party beneficiary status as a reason for disregarding such a clause was an error of law."), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989); *see also Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (finding that "the corporations owned and controlled by [the plaintiff] are so closely related to the dispute that they are equally bound by the forum-selection clause").

While Olawole was not a party to the Agreement in his individual capacity, he is, nevertheless, subject to the forum-selection clause because his employment relationship with

4

Graffiti and ActioNet is "closely related" to the terms of the Consulting Agreement. *See Belfiore*, 452 F. Supp. 2d at 633. On this point, the Court finds *Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852 (D. Md. 2009) instructive. In *Tech USA*, this Court held that a forum-selection clause in an individual employee's confidentiality and non-compete agreement applied to the corporation even though the corporation was neither a party to nor a signatory to the agreement. The Court so held because the employee was also the shareholder and officer of the corporation. *Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 857 (D. Md. 2009). Significantly, the Court reasoned that the forum selection clause should reach the non-signatory corporation because the parties entered into the Agreement with the "disclosed full intent" that the corporation would be used as "a vehicle to perform [the] contract to completion," and because the claims of the corporation were "closely related" to those of the signatory. *Id.* Accordingly, the corporation was "likewise bound by the forum-selection clause of the Agreement between [the employee and the plaintiff]." *Id.*

Similarly here, Olawole's asserted claims are closely related, if not identical, to those of Graffiti on whose behalf Olawole signed the Consulting Agreement. Specifically, Olawole as "Principal Consultant" for Graffiti, negotiated "a proposal for a significant increase in his compensation" for both he and Graffiti, and Olawole memorialized the outcome of such negotiations in the Consulting Agreement. Am. Compl., ECF No. 35 at 3. Additionally, Plaintiffs Olawole and Graffiti assert the same claims of discrimination arising from the same nexus of facts, focusing on the abrupt and simultaneous termination of the Consulting Agreement and Olawole's employment. ECF No. 35 at 5–6. Plaintiffs Olawole and Graffiti further jointly request backpay in the amount of $275,000, stemming from these events. ECF No. 35 at 6. Because Plaintiff Olawole was the vehicle by which the Agreement in question would be performed, and his claims largely overlap with Graffiti's, the forum-selection clause reaches

Olawole's claims as well. *Cf. Allstate Indem. Co. v. Overturf*, No. GJH-14-466, 2015 WL 1279194, at *4 (D. Md. Mar. 19, 2015) ("Through this [broad contractual] language, the parties intended for those legally entitled to recover, whether they are named in the policy or not, to benefit from the policy. Thus, it was foreseeable that . . . anyone legally entitled to claim benefits under the policy, would be bound by the policy's terms.").

Plaintiff Olawole contends, however, that his claims are somehow distinct from Graffiti because he could bring his action as an at-will employee pursuant to the Montgomery County Code and 42 U.S.C. § 1981 and not implicate the Consulting Agreement. Although Plaintiff Olawole has amended his complaint to drop his individual breach-of-contract claim against ActioNet, he cannot circumvent the reach of the forum selection clause by artful pleading. *See Belfiore*, 452 F. Supp. 2d at 632 ("[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms.") (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) ("forum selection clauses are . . . not be defeated by artful pleading of claims")). Given the close relation between Plaintiffs' claims as averred, Plaintiff Olawole is subject to the forum-selection clause.

The third and final consideration is whether Plaintiffs have rebutted the presumption of enforceability of the forum selection clause by showing that enforcement would be unreasonable. "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *Allen v.*

*Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996). Plaintiffs have not shown any fraud, unfairness, or grave inconvenience of any sort that would flow from transferring this matter. Accordingly, Plaintiffs have failed to rebut the presumption of enforceability.

Having found that Plaintiffs are bound by the forum-selection clause within the Consulting Agreement, the Court must next address whether to transfer this to the Eastern District of Virginia or dismiss Plaintiffs claims. Section 1404(a) of Title 28 of the United States Code states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

When a party moves to transfer a case under 28 U.S.C. § 1404(a) by enforcing a valid forum selection clause, the clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co.*, 134 S. Ct. at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). This is so because "when a plaintiff agrees by contract to bring suit only in a specified forum . . . the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Atl. Marine Const. Co.*, 134 S. Ct. at 582. Accordingly, in this context, the parties' private interests weigh entirely in favor of transfer; the Court must focus instead on public-interest factors only, including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *AIG Europe Ltd. v. Gen. Sys., Inc.*, No. RDB-13-0216, 2013 WL 6654382, at *4 (D. Md. Dec. 16, 2013) (quoting *Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6).

The parties have not presented any compelling public-interest factors that weigh against transferring this case. *See Atl. Marine Const. Co.*, 124 S. Ct. at 581–82.  Additionally, because

the case is in its infancy, no practical or logistical difficulties would arise as a result of transferring this matter.  ActioNet's Motion to Transfer is therefore GRANTED, and this case shall be TRANSFERRED to the Alexandria Division of the United States District Court for the Eastern District of Virginia. A separate order will follow.


| 4/3/2017 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |